IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ROSENAU,  on behalf of himself and all  others similarly situated,   Plaintiff,   v.   UNIFUND CORPORATION a/k/a  UNIFUND GROUP CORP. and  UNIFUND CCR PARTNERS,   Defendants. | CIVIL ACTION  NO. 06-cv-1355 |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                                           **June 28, 2007**

      Plaintiff Richard Rosenau, on behalf of himself and all others similarly situated, filed the instant action against Defendants Unifund Corporation and Unifund CCR Partners (collectively "Unifund"). Rosenau alleges that Unifund violated the Fair Debt Collection Practices Act ("FDCPA")[1] when it mailed an allegedly false, deceptive, or misleading debt-collection letter to him and 6,959 other prospective class members. Presently before the Court are Plaintiff's Motion to Certify Class,[2] Defendants' Response[3] and Plaintiff's Reply[4] thereto, Defendants' Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment,[5] and Plaintiff's

---

[1] 15 U.S.C. § 1692 et seq.

[2] Doc. No. 14.

[3] Doc. No. 17.

[4] Doc. No. 18.

[5] Doc. No. 15.

Response[6] thereto. For the reasons that follow, the Court will grant Defendants' Motion for Summary Judgment and dismiss Plaintiff's Motion for class certification.

**I.   FACTUAL AND PROCEDURAL HISTORY**

Unifund is a purchaser, seller, and manager of under performing and distressed consumer receivables.[7] On January 9, 2006, Unifund's Legal Department mailed Plaintiff Rosenau a debt-collection letter.[8] The letter noted in part that Rosenau's debt totaled $12,522.04, and that "[i]f we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration."[9] The January 9 letter further informed Rosenau of his right to dispute the validity of his debt, and made clear that "[t]his communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."[10] Between March 30, 2005, and March 30, 2006, Unifund mailed 6,959 similar letters to other debtors, each letter purporting to be from Unifund's Legal Department, outlining a debt owed, and the methods that Unifund might pursue to collect that debt.[11]

Rosenau alleges that the January 9 letter purportedly sent by "Unifund['s] Legal Department" is false, deceptive, or misleading because it was not prepared, reviewed, and/or sent by a Legal Department or a lawyer. He moves for class certification on behalf of himself and the

---

[6] Doc. No. 16.

[7] See http://www.unifund.com.

[8] Compl., Ex. A.

[9] Id.

[10] Id.

[11] Pl.'s Mot. for Class Certification ¶ 5.

6,959 other debtors who received similar letters from Unifund. Unifund, in turn, moves for judgment on the pleadings or, in the alternative, summary judgment, and alleges that Rosenau has failed to state a valid claim under the FDCPA.

## II. ANALYSIS

### A. Legal Standard for Judgment on the Pleadings

The Court will first address Unifund's Motion for Judgment on the Pleadings. Under Federal Rule of Civil Procedure 12(c),

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss—a court must accept as true all allegations in the complaint and must draw all factual inferences in a light most favorable to the nonmoving party.[12] A court may grant a motion under Rule 12(c) only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."[13] Here, the Court need not treat Unifund's Motion as one for summary judgment. Instead, judgment on the pleadings is appropriate.

### B. False, Deceptive, or Misleading Practices under the FDCPA

The FDCPA provides that "a debt collector may not use any false, deceptive, or

---

[12] See Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

[13] D.P. Enter. Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

misleading representation or means in connection with the collection of any debt."[14]  Without explicit limitation, the FDCPA lists sixteen separate scenarios in which representations may be false or misleading.[15]  Rosenau asserts that Unifund's January 9 letter from its Legal Department falls within two of these scenarios: (1) the false representation or implication that any individual is an attorney or that any communication is from an attorney;[16] and (2) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.[17]  In short, it is Rosenau's position that Unifund's January 9 letter is misleading because it suggests that an attorney wrote and/or reviewed the letter, when in fact, no attorney prepared or reviewed the letter.

The Court must determine whether a collection letter is false, deceptive, or misleading from the perspective of the least sophisticated debtor.[18]  "The least sophisticated debtor standard requires more than 'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor."[19]  The basic purpose of the FDCPA is to protect "all consumers, the gullible as well as the shrewd,"[20] "the trusting as well as the

---

[14] 15 U.S.C. § 1692e (1998).

[15] See id. §§ 1692e(1)-(16).

[16] Id. § 1692e(3).

[17] Id. § 1692e(10).

[18] See Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).

[19] Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006) (citing Quadramed, 225 F.3d at 354).

[20] Id. at 453 (citing Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).

4

suspicious,"[21] from abusive debt-collection practices.  Nonetheless, "while the least sophisticated debtor standard protects the naive consumer, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"[22]

"A debt collection letter is deceptive where 'it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"[23]  In Brown v. Card Service Center, the Third Circuit Court of Appeals reviewed a debt-collection letter from Card Service Center ("CSC"), a debt-collection firm, that read in part:

> You now have five (5) days to make arrangements for payment of this account. Failure on your part to cooperate could result in our forwarding this account to our attorney with directions to continue collection efforts.[24]

The Third Circuit concluded that upon reading the CSC letter, the least sophisticated debtor might get the impression that litigation or referral to a CSC lawyer would be imminent if he or she did not respond within five days, and that such a reading would not be bizarre or idiosyncratic.[25] Accordingly, the Third Circuit reversed the district court's dismissal and remanded the case for a determination about whether such a reading would be reasonable under the circumstances.

Here, Rosenau argues that, similar to Brown, the January 9 letter has two or more different meanings, one of which deceives the least sophisticated debtor into believing that the letter

---

[21] Id. (citing FTC v. Standard Educ. Soc'y, 302 U.S. 112, 116 (1937)).

[22] Id. at 454 (citing Quadramed, 225 F.3d at 354-55).

[23] Id. at 455 (citing Quadramed, 225 F.3d at 354).

[24] Id. at 451-52.

[25] Id. at 455.

was written and/or reviewed by an attorney. This case is distinguishable from Brown, however, because the allegedly deceptive reading of Unifund's January 9 letter is not reasonable in light of the facts of this case. Even the least sophisticated debtor cannot reasonably consider the January 9 letter's use of "Unifund Legal Department" in a vacuum. Rosenau essentially asks this Court to take "Unifund Legal Department" out of context and infer that the least sophisticated debtor would believe this letter came from, or was reviewed by, an attorney. This assertion belies two unmistakably clear statements in the January 9 letter. First, the letter states that "[i]f we are unable to resolve this issue within 35 days we may refer this matter to an attorney in your area for legal consideration." Second, the letter notes that "[t]his communication is from a debt collector." Read in context, even the least sophisticated debtor cannot reasonably interpret the January 9 letter as having been written or reviewed by an attorney.[26] Such a reading would, in the words of the Third

---

[26] While not binding authority, the Court notes that this finding is consistent with decisions from courts within the Second Circuit Court of Appeals. See Tromba v. M.R.S. Assoc., Inc., 323 F. Supp. 2d 424, 428 (E.D.N.Y. 2004) (noting that even under the least sophisticated debtor standard, a signature on a debt-collection letter followed by the title "senior legal associate" is not equivalent to signing it as an "attorney at law" or "lawyer," and "senior legal associate" does not deceive a debtor into believing that the senior legal associate is a lawyer); Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F. Supp. 2d 336, 337, 341-42 (E.D.N.Y. 2002) (finding that a debt-collection letter on a law firm's letterhead that refers the debtor to an individual to discuss the debt does not mislead the debtor into believing that the referenced individual is an attorney); Rumpler v. Phillips & Cohen Assoc., LTD., 219 F. Supp. 2d 251, 257 (E.D.N.Y. 2002) (finding that the least sophisticated consumer could not reasonably interpret a letter as having been issued by an attorney where the signature on the letter is followed by "Esq.," but further qualified with the phrase "Executive Vice President"); Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993) (finding that the use of an attorney's signature implies—at least in the absence of language to the contrary—that the attorney signing the letter formed an opinion about how to manage the case of the debtor to whom the letter was sent, and it implies that the attorney directly controlled or supervised the process through which the letter was sent).

Here, the facts are similar to those in Tromba, Grief, and Rumpler, and do not rise to the level of deceit that established an FDCPA violation in Clomon. Unifund mailed Rosenau the January 9 letter on its own letterhead, not a law firm's letterhead, and only signed the letter with "Unifund Legal Department." No individual, lawyer or otherwise, signed the letter. Similar to Tromba, "Unifund Legal Department" is not equivalent to "attorney at law" or "lawyer," and does not deceive the least sophisticated debtor into believing that a lawyer drafted and/or reviewed the January 9 letter. Moreover, there is a clear disclaimer within the body of the January 9 letter indicating that the letter is from a debt collector, not a lawyer. This disclaimer is sufficient to overcome any false, deceptive, or misleading implications discussed in Clomon.

Circuit, be bizarre or idiosyncratic. The letter is from a debt collector, not legal counsel, and only upon Rosenau's failure to comply with Unifund's demands within thirty-five days will the matter potentially be referred to an attorney—there are no other reasonable interpretations, and therefore the letter is not false, deceptive, or misleading. Thus, even upon review of the facts in the light most favorable to Rosenau, no relief could be granted under the FDCPA, and the Court will accordingly grant Unifund's Motion for Judgment on the Pleadings and dismiss Rosenau's Complaint.

### C.  Class Certification

While the Court will dismiss Rosenau's Complaint for failure to state a claim under the FDCPA, the Court will address Rosenau's Motion for class certification for purposes of completeness.

Federal Rules of Civil Procedure 23(a) and 23(b)(3) identify six prerequisites to the certification of a class action: (1) numerosity—the class is so numerous that joinder of all members is impracticable; (2) commonality—the class shares common questions of law or fact; (3) typicality—the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) adequate representation—the representative party will fairly and adequately protect the interests of the class; (5) predominance—questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and (6) superiority—a class action is superior to other available methods for the fair and efficient adjudication of the controversy.[27] Unifund does not object to Rosenau's Motion for class certification on any of these grounds, and argues only that the Court must conduct a preliminary review of the merits of Rosenau's claim, and that based on this review, the Court should dismiss

---

[27] See Fed. R. Civ. P. 23.

Rosenau's Complaint for failure to state a claim.[28] The Court agrees with Unifund's position, but will address Rosenau's Motion for class certification in full.

Rosenau defines the class to which he seeks certification as

> all persons with addresses in the Commonwealth of Pennsylvania to whom collection letters were sent by defendants Unifund Corp. and Unifund CCR Partners (collectively "Unifund"), from March 30, 2005 to March 30, 2006 (the date of the complaint) in an attempt to collect a debt incurred primarily for personal, family, or household purposes, in which Unifund states that the letter came from or was otherwise authored by the "Legal Department."[29]

i.  Numerosity

First, the Third Circuit has generally held that a class with more than forty members satisfies the numerosity requirement.[30] Here, Unifund concedes that its Legal Department sent 6,960 letters similar to Rosenau's January 9 letter between March 30, 2005, and March 30, 2006. The Court therefore finds that joinder of all members of the proposed class is impracticable,[31] and that the proposed class satisfies the numerosity requirement.

ii.  Commonality

The commonality prong of class certification is not "overbearing."[32] This requirement is satisfied if the "named plaintiffs share at least one question of fact or law with the grievances of

---

[28] See Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Class Certification [Doc. No. 17], at 3.

[29] See Pl.'s Proposed Order Certifying as Class Action [Document No. 14-2], at 1.

[30] See Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).

[31] See Wisneski v. Nationwide Collections, Inc., 227 F.R.D. 259, 260 (E.D. Pa. 2004) (numerosity requirement satisfied in FDCPA class-action suit where plaintiffs alleged that defendant sent collection letters to thousands of persons and defendant failed to dispute this allegation).

[32] Bonett v. Educ. Debt Serv., Inc., No. 01-cv-6528, 2003 WL 21658267, at *1 (E.D. Pa. May 9, 2003).

the prospective class."[33] Applying this standard, "courts in this district have previously conferred commonality on debt collection letter class action lawsuits," as these lawsuits hinge upon standardized mailings of allegedly illegal form letters to members of the proposed class.[34]

Rosenau alleges that standardized debt-collection letters were mailed to him and 6,959 other similarly-situated prospective class members. Rosenau further alleges that each of these standardized debt-collection letters violates the FDCPA because the letters' use of "Unifund Legal Department" is false, deceptive, or misleading. These allegations sufficiently satisfy the commonality requirement.[35]

### iii. Typicality

A plaintiff's claim is typical if it arises from the same event, practice, or course of conduct that gives rise to the claims of other class members, and his or her claims are based on the same legal theory.[36] The typicality requirement may be satisfied even if there are some factual distinctions between the claims of the named plaintiff and those of other class members.[37]

Here, Rosenau's FDCPA claim is based on the same legal theory as all other

---

[33] Stewart, 275 F.3d at 227.

[34] Bonett, 2003 WL 21658267, at *2; see also Orloff v. Syndicated Office Sys., Inc., No. 00-cv-5355, 2004 WL 870691, at *3 (E.D. Pa. Apr. 22, 2004).

[35] See Orloff, 2004 WL 870691, at *3 (commonality satisfied where defendant mailed plaintiff and other prospective class members substantially similar debt-collection letters and those letters allegedly violated the same federal and state statutes); Bonett, 2003 WL 21658267, at *2 (commonality satisfied where defendant mailed plaintiff and other prospective class members allegedly illegal standardized debt-collection letters); Saunders v. Berks Credit & Collections, Inc., No. 00-cv-3477, 2002 WL 1497374, at *6 (E.D. Pa. July 11, 2002) (commonality established where defendant mailed substantially similar debt-collection letters to prospective class and when plaintiff alleged that debt-collection letters violated the FDCPA).

[36] See Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 57 (3d Cir. 1994).

[37] Id. at 57-58.

prospective class members—that is, that Unifund's use of "Unifund Legal Department" in the 6,960 debt-collection letters is false, deceptive, or misleading. While each letter factually differs as to the amount owed by each debtor, this is insufficient to destroy typicality. Accordingly, the Court finds that Rosenau satisfies the typicality requirement.

### iv. Adequate Representation

A class representative is adequate if: (a) the class representative's counsel is competent to conduct a class action; and (b) the class representative's interests are not hostile to those of the class.[38] Here, Plaintiff's counsel, Cary L. Flitter and Theodore E. Lorenz of the Lundy, Flitter, Beldecos & Berger, P.C. law firm, have repeatedly been deemed competent to prosecute consumer class actions, including class actions involving the FDCPA.[39] Moreover, Defendant does not object to opposing counsel's representation of the class in this matter, and there are no facts suggesting in any way that Rosenau's interests are hostile to those of the prospective class. Accordingly, Rosenau satisfies the adequate-representation requirement.

### v. Predominance

Predominance evaluates whether "proposed classes are sufficiently cohesive to warrant adjudication by representation," a test "readily met" in consumer-fraud cases.[40] In the FDCPA context, this standard is satisfied "where the core claims asserted by each Class member all arise out of the same transaction or occurrence—the receipt of debt collection letter(s) from the

---

[38] See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 185 (3d Cir. 2001).

[39] See Certification of Cary L. Flitter in Support of Pl.'s Mot. for Class Certification [Doc. No. 14-8]; Certification of Theodore E. Lorenz [Doc. No. 14-9]. It is noted that upon review of the Certifications of Rosenau's counsel, if the Court did not dismiss this matter, the Court would appoint Flitter and Lorenz as class counsel under Federal Rule of Civil Procedure 23(g).

[40] See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623, 625 (1997).

Defendants," regardless of "minor factual distinctions between each particular letter."[41] Therefore, for the same reasons that established commonality, Rosenau satisfies the predominance requirement.

### vi. Superiority

A class action must be superior to other available methods for the fair and efficient adjudication of the controversy.[42] It is appropriate for a court, in deciding the best available method, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually."[43]

Here, without objection from Unifund, and recognizing the efficiency involved in pursuing an FDCPA claim on behalf of 6,960 similarly situated claimants, Rosenau satisfies the superiority requirement.

Accordingly, Rosenau has satisfied the requirements for each of numerosity, commonality, typicality, adequate representation, predominance, and superiority.

## III.    CONCLUSION

Unifund's use of "Unifund Legal Department" in its debt-collection letters, when read in context, is not false, deceptive, or misleading. Accordingly, Unifund's Motion for Judgment on the Pleadings is granted by the Court because Rosenau has failed to state a valid claim under the FDCPA. Although Rosenau has satisfied the requirements for class certification, Rosenau's Motion to Certify Class is summarily dismissed in light of the Court's judgment on the pleadings.

An appropriate Order follows.

---

[41] Bonett, 2003 WL 21658267, at *4.

[42] Fed. R. Civ. P. 26(b)(3).

[43] See Lake v. First Nationwide, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ROSENAU,** ) | |
| on behalf of himself and all ) | |
| others similarly situated, ) | |
| ) | **CIVIL ACTION** |
| Plaintiff, ) | **NO. 06-cv-1355** |
| ) | |
| v. ) | |
| ) | |
| **UNIFUND CORPORATION a/k/a** ) | |
| **UNIFUND GROUP CORP. and** ) | |
| **UNIFUND CCR PARTNERS,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**AND NOW**, this 28th day of June 2007, upon consideration of Plaintiff's Complaint [Document No. 1], Plaintiff's Motion to Certify Class [Document No. 14], Defendants' Response [Document No. 17] and Plaintiff's Reply [Document No. 18] thereto, Defendants' Motion for Judgment on the Pleadings or, in the alternative, Motion for Summary Judgment [Document No. 15], and Plaintiff's Response [Document No. 16] thereto, it is hereby **ORDERED** as follows:

1. Defendants' Motion for Judgment on the Pleadings [Document No. 15] is **GRANTED** and judgment is **ENTERED** against Plaintiff;

2. Plaintiff's Motion to Certify Class [Document No. 14] is **DISMISSED**; and

3. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to mark this case **CLOSED**.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
**CYNTHIA M. RUFE, J.**