IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ROSENAU,**<br>　on behalf of himself and all others<br>　similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**UNIFUND CORPORATION a/k/a**<br>**UNIFUND GROUP CORPORATION and**<br>**UNIFUND CCR PARTNERS,**<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　**CIVIL ACTION**<br>)　**NO. 06-cv-1355**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

**AND NOW**, this 10th day of August 2009, upon consideration of Plaintiff Richard Rosenau's unopposed Motion for Final Approval of Class Settlement, for Approval of Attorney's Fees and Costs and Award to Class Representative [Document No. 36], Plaintiff's supplementary filings [Document Nos. 37 and 38], and having carefully considered the argument presented at the Fairness Hearing held in this matter on August 3, 2009, for the reasons set forth in detail in the Memorandum Opinion that accompanies this Order and without objection from any member of the Class, the Court finds and concludes as follows:

1. The notice provided to class members was adequate, as it satisfied the relevant requirements of Due Process under the Fifth Amendment and Federal Rule of Civil Procedure 23;

2. The proposed Settlement as set forth in the parties' Settlement Agreement and Release is fair, reasonable, adequate and in the best interests of the class; and

3. The requested award for attorneys' fee and costs, as well as the award to Plaintiff

as the Class Representative are both appropriate and reasonable.

Therefore, it is hereby **ORDERED** that:

1. Plaintiff's Motion for the Final Approval of Class Settlement is **GRANTED**. The Settlement is **APPROVED** and payment shall be made to the Class as follows:

    (a) For payment to the Class: Class settlement funds of $100,000 shall be disbursed to the class members who submitted a timely claim form. The checks shall state conspicuously thereon that the check will become "void after sixty (60) days from date." Class members shall have sixty (60) days from the date on such check within which to cash the settlement check;

    (b) *Cy pres*: The Court approves as *cy pres* beneficiaries the Senior Law Center and Legal Aid of Southeastern Pennsylvania. Any funds which remain unclaimed or undistributed after proper mailing of the checks and the sixty day period for cashing those checks, together with any interest which may accrue shall thereafter be paid in equal shares to said beneficiaries for the benefit of the Class;

2. Plaintiff's Motion for Approval of Attorneys' Fees and Costs is **GRANTED**. Defendants shall make payment to Class Counsel in the aggregate amount of $165,000 for attorneys' fees and costs expended;

3. Plaintiff's Motion for Approval of the Award to Plaintiff as the Class Representative is **GRANTED**. Defendants shall make payment to Plaintiff Richard Rosenau in the amount of $1,000 for his individual claim and $3,000 in recognition of his services to the Class;

3. The claims of all members of the Class are hereby **DISMISSED** with prejudice,

on the merits and without costs to any party;

4. In accordance with the definitions in paragraph 11 of the Class Action Settlement Agreement and Release, Plaintiff Richard Rosenau, on his own behalf and on behalf of each Releasing Person, by operation of this release and the judgment, hereby shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged with prejudice any and all of the Released Parties of and from any and all Released Claims, and shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal or foreign court, any Released Claim;

5. In light of the notice given to the class members, Plaintiff Richard Rosenau as the Class Representative shall be bound by the Class Action Settlement Agreement and Release and all of the Released Claims as defined in paragraph 11 of that agreement shall be dismissed with prejudice and released;

6. The Court shall retain jurisdiction of all matter relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement approved herein and this Order; and

7. The Clerk shall mark this action **CLOSED**.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**